IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBERT RAY WATKINS, SR., 1074381, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-595-K |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I.  Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

## II.  Background

On December 13, 2001, Petitioner was convicted of two counts of delivery of less than one gram of cocaine (counts one and three), and one count of delivery of more than one gram but less than four grams of cocaine (count two). *State of Texas v. Wilbert Ray Watkins*, No. F-35179 (249th Dist. Ct., Dallas County, Tex., Dec. 13, 2001). Petitioner was sentenced to two years confinement for counts one and three, and ninety-nine years confinement for count two.

On June 11, 2003, the Tenth District Court of Appeals affirmed the conviction. *Watkins v. State*, No. 10-02-042-CR (Tex. App. – Waco, pet. ref'd). On June 30, 2004, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Watkins v. State*, PDR No. 1726-03. On January 18, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Watkins v. Texas*, 543 U.S. 1092 (2005).

On January 9, 2006, Petitioner filed a state habeas application. *Ex parte Watkins*, No. 65,161-01. On July 26, 2006, the Court of Criminal Appeals denied the application without written order.

On March 8, 2008, Petitioner filed the instant habeas petition. He argues that he was denied the effective assistance of counsel because:

(A)  trial counsel failed to object to the introduction of state's exhibit 11;

(B)  trial counsel failed to cross-examine state's witness Jeral Gillen during the guilt/innocence phase; and

(C)  trial counsel failed to object to the prosecutor's comment during closing argument that "it is evident that a drug dealer is in the court room."

On January 30, 2009, Respondent filed its answer. On September 29, 2009, Petitioner filed a traverse. The Court now recommends that the petition be dismissed as time-barred.

## II. Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

**(1)  Final Judgment**

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner's conviction became final on January 18, 2005, when the Supreme Court denied certiorari. *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). He then had one year, or until January 18, 2006, to file his federal habeas petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 9, 2006, Petitioner filed a state habeas petition. This petition tolled the limitations period for 199 days, or until July 26, 2007, when it was denied. When 199 days are added to the limitation period of January 18, 2006, the deadline becomes August 7, 2006.[2]

Petitioner was required to file his federal petition by August 7, 2006. He did not file his petition until March 18, 2008. His petition is therefore untimely.

**(2)  State Action**

Petitioner also argues his petition is timely under 28 U.S.C. § 2244(d)(1)(B) because state action prevented the filing of his petition. He states he did not receive timely notice that the Court of Criminal Appeals had denied his state habeas petition on July 26, 2007. He states he did not learn that his petition had been denied until December 6, 2007, when the Court of Criminal Appeals responded to his letter inquiry. (Traverse, Ex. 1.) He argues that the failure to provide him timely notice of the denial of his petition constituted state action that prevented the timely filing of his federal petition.

The record shows that the Court of Criminal Appeals denied the state habeas petition on July 26, 2006. Two days later, Petitioner received incoming mail from the Court of Criminal Appeals. (Resp. Ex. C at 11.) He also visited the law library on the same day. (*Id.* at 6.) Petitioner has failed to establish that he did not receive timely notice of the denial of his state petition and that state action prevented the timely filing of his petition.

---

[2] Petitioner's deadline fell on Saturday, August 5, 2006. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, August 7, 2006.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -4-

B.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling.  He states: (1) his left eye was removed after an accident in prison, and he has glaucoma in his right eye; and (2) he must rely on other inmates to prepare his legal papers.

The record shows that Petitioner's left eye was injured in December, 2003.  He states his left eye was surgically removed on February 17, 2006. (Magistrate Judge's Questionnaire, Answer No. 1.)  He also has as glaucoma in right eye. (Complaint, Exhibits.)  He states he was therefore unable to timely complete his federal petition.

Petitioner, however, has failed to show he is entitled to equitable tolling.  The record shows that Petitioner was able to submit state and federal pleadings after his eye injury, and before and after his eye surgery.  On April 18, 2005, Petitioner sent outgoing mail addressed to the Senate Committee on Criminal Justice.  (Resp. Ex. C at 9.)  On November 7, 2005, Petitioner

sent outgoing mail addressed to an attorney.  (*Id*. at 15.)  On December 7, 2005, Petitioner visited the law library.  (*Id*. at 2.)  On December 9, 2005, Petitioner sent outgoing mail to the United States District Court.  (*Id*. at 13.)  On January 3, 2006, Petitioner visited the law library.  (*Id*. at 3.)  On January 9, 2006, he filed his state habeas petition.

The record also shows that Petitioner continued to visit the law library after his eye surgery.  On May 6, 2006, July 21, 2006, and July 28, 2006, Petitioner visited the law library.  (*Id*. at 4-6.)  On July 28, 2006, he received incoming mail from the Court of Criminal Appeals, and on August 29, 2006, he received incoming mail from the Fifth Circuit Court of Appeals.  (*Id*. at 10-11.)  On August 7, 2006, the federal statute of limitations expired.  On August 31, 2006, Petitioner visited the law library.  (*Id*. at 7.)

Petitioner has failed to show that his eye condition prevented him from timely filing his federal petition or that there are rare and exceptional circumstances justifying equitable tolling in this case.  Petitioner's claim for equitable tolling should be denied.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 22nd day of March, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).